IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JESSICA MAGANA                                                                                          PLAINTIFF

VS.                                               NO. 4:07CV00636 WRW

LEON TATUM and FRED'S
STORES OF TENNESSEE, INC.                                                              DEFENDANTS

### ORDER

Pending is Plaintiff's Motion to Remand,[1] to which Defendants responded.[2]  This is a personal injury case that arises from an accident that occurred in Arkansas and involved an Arkansas resident and Tennessee residents.  Plaintiff's state complaint[3] did not ask for a specific amount of damages, and Defendant removed the case to this court.[4]  Plaintiff asks that this case be remanded because she is asking for damages that are less than the jurisdictional amount.

Removal based on diversity requires that the parties be from different states and the amount in controversy exceed $75,000, exclusive of interest and costs.[5]

---

[1] Doc. No. 4.

[2] Doc. No. 6.

[3] Doc. No. 2.

[4] Doc. No. 1.

[5] 28 U.S.C. § 1332.

1

The party seeking to invoke the jurisdiction of the federal courts has the burden of proving the existence of jurisdiction.[6] Therefore, when the case is removed, the burden is on the defendant, not the plaintiff,[7] and all doubts must be resolved in favor of remand.[8]

Moreover, Plaintiff is in charge of her case and may bar removal by asking for a specific amount that is less than required for removal. Under such circumstances, the case should be remanded unless the defendant can prove to a *legal certainty* that the plaintiff's claim exceeds $75,000.00.[9]

Plaintiff argues that, under Ark. R. Civ. P. 8(a), a demand containing no specified amount of damages will limit recovery to an amount less than what is required for federal court jurisdiction. However, the Arkansas Supreme Court's interpretation of Ark. R. Civ. P. 8(a) and, general principles of federal jurisdiction, prevent this rule from determining federal jurisdiction.[10] In other words, despite the clear wording of this rule, a plaintiff may still recover damages exceeding $75,000.00 at trial.[11] More importantly, state rules do not

---

[6]*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

[7]*Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

[8]*In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

[9]*Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001 (W.D. Ark. 1996) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)) (emphasis added).

[10]*Haynes v. Louisville Ladder Group, LLC*, 341 F. Supp. 2d 1064, 1067 (E.D. Ark. 2004) citing *Interstate Oil and Supply Co. v. Troutman Oil Co.*, 334 Ark. 1, 5 (1998) (holding that a plaintiff who did not demand a specific amount was not prevented from recovering more than the federal jurisdictional amount); but see *Cox v. Vernon*, 94 Ark. App. 112, 114 (2006) (refusing to allow plaintiff in a diversity action to recover over $75,000.00)).

[11]*Interstate Oil and Supply Co.*, 334 Ark. at 5.

control federal jurisdiction.[12]   However, Defendants did not carry their burden of showing the existence of federal jurisdiction..

Plaintiff stated "unequivocally" that she will never seek more than $75,000.00 in damages.[13]  In view of this, and after resolving all doubts in favor of remand, Plaintiff's motion is GRANTED. This case is remanded to the Lonoke Circuit Court in Arkansas.

IT IS SO ORDERED this 2nd day of October 2007.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[12] *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1006 n.3 (W.D. Ark. 1996).

[13] Doc. No. 10.